IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Drayton, Jr.,<br><br>     Petitioner,<br><br>v.<br><br>State,<br><br>     Respondent. | C/A No.  0:14-1573-RMG-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

  The petitioner, Andrew Drayton, Jr. ("Petitioner"), a self-represented litigant, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915.  This Petition is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC.  Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without requiring the respondent to file a return.

**I. Factual and Procedural Background**

  Petitioner indicates that, subsequent to a trial, the "Circuit Court of the Ninth Judicial Circuit" entered a judgment of conviction against him. (ECF No. 1 at 1.)  However, the Petition provides no information about the conviction challenged in the pleading. (Id.)  Petitioner alleges that he appealed his conviction, but again provides no additional information regarding the appeal. (Id. at 2-3.)  The only ground raised in the Petition is "rule 5 & etc" with no supporting facts other than a reference to Petitioner's transcript. (Id. at 5.)  Petitioner indicates that he is currently under community supervision. (Id. at 13.)

PJG

On May 15, 2014, the court issued an order directing Petitioner to provide additional information for initial review. (ECF No. 8.) In response to the order, Petitioner submitted a brief which failed to provide the information requested in the court's order. (ECF No. 1-3.) Petitioner's brief alleges that he "maxed out" out a "wrongful conviction sentence," and is now on community supervision. (ECF No. 1-3 at 1.) Letters submitted by Petitioner further allege that state records concerning his community supervision are incorrect and reflect that a possession of cocaine charge, for which Plaintiff was incarcerated in 2000, has been dismissed. (ECF Nos. 7, 13.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254;[1] the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Petition is subject to summary dismissal because Petitioner's allegations are vague and conclusory in violation of Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254, which requires a petition to: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested . . . ." See Mayle v. Felix, 545 U.S. 644, 655-56 (2005) ("Habeas Corpus Rule 2(c) is more demanding" than the pleading requirement for ordinary civil proceedings and requires petitioners to "plead with particularity [] to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.' "). In this case, despite being given an opportunity to do so, Petitioner has failed to provide facts to support his ground for habeas relief or state the relief he is requesting.

Therefore, the Petition should be summarily dismissed. See Peyatt v. Holland, No. 85-6488, 1987 WL 35854 (4th Cir. Feb. 4, 1987) (affirming district court's dismissal of a habeas petition without prejudice for petitioner's failure to comply with an order directing completion of the petition as required by Rule 2(c)); Hart v. Hedrick, No. 86-7638, 1986 WL 17927 (4th Cir. Oct. 24, 1986) (holding that Rule 2(c) requires, "at a minimum," information sufficient to ascertain the conviction petitioner is challenging and the grounds relating to such conviction); see also Bryant v. Cartlege, C/A No. 8:13-316-RMG, 2014 WL 108354, at *2 (D.S.C. Jan. 9, 2014) (dismissing habeas ground which was "impermissibly vague" under Rule 2(c)) (citing Mayle, 545 U.S. at 649).

### III.    Conclusion

Accordingly, the court recommends that the instant Petition for writ of habeas corpus be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 27, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).